# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Deveron Patterson,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0041** (Kanawha County 16-P-335)

**Karen Pszczolkowski, Superintendent**
**Northern Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deveron Patterson, by counsel Joseph A. Curia III, appeals the order of the Circuit Court of Kanawha County, entered on December 17, 2020, denying his petition for a writ of habeas corpus.[1] Respondent State of West Virginia appears by counsel Patrick Morrisey and Holly M. Flanigan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Patterson entered a plea of guilty in the Circuit Court of Kanawha County in August of 2014 to a charge of first-degree murder, resulting in a sentence of imprisonment for a term of life, with the recommendation of mercy. Nearly two years later, in July of 2016, he filed a petition for a writ of habeas corpus. The court appointed counsel to assist Mr. Patterson, and counsel amended the petition to assert numerous grounds for relief. The circuit court denied Mr. Patterson's petition by an order entered on December 17, 2020.

On appeal, Mr. Patterson asserts two assignments of error. He argues, first, that his claims could not be addressed without testimony from his trial counsel, and the court erred in denying his request for relief without first conducting an omnibus hearing. He argues, second, that the circuit

---

[1] Mr. Curia did not prepare petitioner's brief in this case. The Court appointed him to represent Mr. Patterson when Mr. Patterson's former counsel sought the Court's leave to withdraw.

court generally erred in denying his petition. We review the denial of a petition for a writ of habeas corpus under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court found that Mr. Patterson, at his plea hearing, affirmed that he understood his plea agreement and that his attorney had answered all questions to his satisfaction. The circuit court found that the elements of first-degree murder (as well as the State's burden to prove each element) were adequately explained to Mr. Patterson before he entered his plea, and Mr. Patterson was fully informed of the rights he waived in entering a guilty plea. Thus informed of the consequences of entering his plea, Mr. Patterson explained that he beat the victim (the romantic rival of Mr. Patterson's co-defendant), who ultimately died of blunt force trauma sustained in his beating, then placed the victim in the trunk of a car and disposed of the body in a remote location. Mr. Patterson then assisted his co-defendant in painting and carpeting the apartment where the victim was beaten.

Mr. Patterson argues that the "myriad of issues" raised in his petition for a writ of habeas corpus required a hearing. He suggests that external factors—including the court's denial of his request for funding to pursue DNA evidence, the acquittal of his co-defendant, the "extensive" publicity of his arrest, and the lack of factual development prior to the entry of his plea—affected his decision to enter his guilty plea. None of the factors Mr. Patterson describes, however, negate the informed nature of his plea. In fact, the appendix record on appeal bears evidence that Mr. Patterson knowingly, voluntarily, and intelligently waived the right to contest any of these issues. The plea hearing transcript contained in the appendix record on appeal demonstrates that Mr. Patterson's plea was taken in a manner that satisfied the requirements we described in Syllabus Point 3 of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).[2]

---

[2] Syl. Pt. 3, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975) provides:

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty; 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and

(continued…)

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.